WESTERN DIST.
October, 1840.

LOTT & IVES
vs.
PARHAM.

It is, therefore, ordered, that the judgment under review be affirmed, with costs.

---

### LOTT & IVES vs. PARHAM.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF RA-
PIDES, JUDGE KING OF THE FIFTH DISTRICT PRESIDING.

Where a note was given by one partner for an ordinary partnership debt, in the name of the firm, and it is shown the defendant purchased out his co-partners, and agreed to pay all the plantation debts, he cannot resist payment, on the ground that one partner had no authority to subscribe the note sued on, in the name of the firm.

This is an action on a promissory note, signed "Ives, Henry & Parham, by J. C. Henry," for two hundred and fifty dollars, and also, an account annexed, against Parham, for sixty dollars and fifty cents.

The defendant denied his liability to pay the note, averring, that Henry had no authority to sign his name, and also denies, that this debt is included in an agreement he came under to pay the plantation debts.

It appears that Ives, Henry & Parham, had formed a partnership, to carry on and conduct a cotton plantation, and in the course of their business, the note sued on was given, and the account raised with Lott and Ives, the present plaintiffs. After this, Ives & Henry sold out by public act, all their interest in the plantation to Parham and wife, who agreed in the act, to "*pay all the plantation debts.*" The claim of the plaintiffs was shown to be a debt of this class.

There was judgment for the plaintiffs, and the defendant appealed.

*Ogden,* for the plaintiffs and appellees.

*Brent,* for the defendant.

*Morphy J.,* delivered the opinion of the court.

The plaintiffs claim on a note and open account, which were due by Ives, Henry & Parham, as joint owners of a plantation, but the payment of which was assumed by the latter, in a sale made to him by his partners of the property held in common. The defendant denies his liability for the note sued on, averring, that he never authorized Henry, who signed it in the name of the partnership, to bind him for any purpose whatever. He also denies, that this note is included among the debts he assumed to pay. The plaintiffs had a judgment below, from which defendant prosecutes this appeal.

On examining the sale made to defendant by his co-proprietors, we find that the plaintiffs claim is expressly included, and mentioned among the plantation debts which defendant undertook to discharge. We cannot consider the defence made below as serious, nor can we view this appeal in any other light than as one taken for delay. The damages prayed for by the appellees must be awarded to them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs and ten per cent. damages.